# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| GRANGE PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 2:19-CV-68-JTM-JPK |
| DOUG WELDON, *et al.*, | ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiff Grange Property and Casualty Insurance Company invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing its Complaint in federal court. As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff and Defendants, Doug Weldon, L.R., and H.C., must be citizens of different states, and the amount in controversy must be more than $75,000. Plaintiff has alleged a sufficient amount in controversy. Plaintiff has also sufficiently alleged its own citizenship. However, the allegations are insufficient as to the citizenship of Defendants.

The Complaint alleges that Defendant Doug Weldon is an "Indiana resident who resides in Valparaiso, Porter[] County, Indiana." (Compl. ¶ 2, ECF No. 1). The Complaint further alleges

that Defendant L.R. is an "Indiana resident who resides in Portage, Porter County, Indiana." *Id.* at ¶ 3. Finally, the Complaint alleges that Defendant H.C. "resides in Portage, Porter County, Indiana." *Id.* at ¶ 4. These allegations are insufficient for the purpose of determining citizenship.

"The citizenship of a natural person for diversity purposes is determined of course by the person's domicile . . . , which means the state where the person is physically present with an intent to remain there indefinitely." *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 835 (S.D. Ill. 2006). Allegations of residency in a state are not sufficient. *See id.* (diversity jurisdiction "is determined by citizenship of a state, not allegations of residency in a state").

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiff must sufficiently allege the citizenship of Defendants as outlined above. Therefore, the Court **ORDERS** Plaintiff to **FILE**, on or before **January 3, 2020**, a supplemental jurisdictional statement that properly alleges the citizenship of the relevant parties as stated above.

So ORDERED this 10th day of December, 2019.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT