**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| GRANGE PROPERTY AND CASUALTY INSURANCE COMPANY,        Plaintiff, | ) ) ) ) |
| v. | )   CAUSE NO.: 2:19-CV-68-JTM-JPK ) |
| DOUG WELDON, L.R., a minor, and H.C., a minor,        Defendants. | ) ) ) ) |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002), and dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiff Grange Property and Casualty Insurance Company invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing its First Amended Complaint for Declaratory Relief (ECF No. 38). As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). And "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007); *see also Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010) ("if the plaintiff amends away jurisdiction in a subsequent pleading, the case must be dismissed") (citing *Rockwell*).

For the Court to have diversity jurisdiction over this action, no Defendant may be a citizen of the same state as Plaintiff, and the amount in controversy must be more than $75,000. 28 U.S.C.

§ 1332. Plaintiff has alleged a sufficient amount in controversy, and has sufficiently alleged its own citizenship. (ECF No. 38, ¶¶ 1, 5). The allegations in Plaintiff's Amended Complaint are insufficient, however, as to the citizenship of all three Defendants.

The Amended Complaint alleges that Defendant Doug Weldon "is an Indiana resident who resides in Valparaiso, Porter[] County, Indiana" (*id.* at ¶ 2); that Defendant L.R., "a minor, is an Indiana resident who, upon information and belief, resides in Gary, Lake County, Indiana" (*id.* at ¶ 3); and that Defendant H.C., "a minor, resides in Portage, Porter County, Indiana." (*Id.* at ¶ 4). But for purposes of diversity jurisdiction, a natural person "is a citizen of the state in which she is domiciled," *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016), "and domicile is the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (citizenship for purposes of diversity jurisdiction "depends on domicile–that is to say, the state in which a person intends to live over the long run"). "An allegation of 'residence' is therefore deficient." *Heinen*, 671 F.3d at 670. Rather, Plaintiff must allege the citizenship of each Defendant based on their domicile. *Id.*; *see also Dakuras*, 312 F.3d at 258 (considering when the domicile of a minor or ward may depend upon that of a parent or guardian).

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiff must sufficiently allege the citizenship of all three Defendants. The Court therefore **ORDERS** Plaintiff to **FILE**, on or before **June 15, 2020**, a supplemental jurisdictional statement that properly alleges the citizenship of each Defendant as stated above.

So ORDERED this 1st day of June, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT